IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

PAUL CRISWELL,                                                                                    PLAINTIFF

v.                                            4:21CV00476-LPR-JTK

RODNEY WRIGHT, et al.                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

I. Introduction

Paul Criswell ("Plaintiff") was incarcerated at the Saline County Detention Center at the time he filed this lawsuit. Plaintiff sued multiple Defendants alleging excessive force and deliberate indifference to serious medical needs. (Doc. No. 13). Plaintiff's claims against Defendants Wright, Gann, Castleberry, Thompson, Blair, and Milam have been dismissed; Plaintiff's claims against Defendants Parker, Aston, Navaro, Jenkins, Davis, and Does remain pending. (Doc. Nos. 13, 15, 26).

Defendants Parker, Aston, Jenkins, Navaro, and Does (collectively, "Defendants") have filed a Motion for Summary Judgment, Brief in Support, and Statement of Facts on the issue of

exhaustion. (Doc. Nos. 33-35).[1]  The Court directed Plaintiff to respond to Defendants' Motion by March 25, 2022.  (Doc. No. 37).  The Court advised Plaintiff that failure to comply with the Order would result in all of the facts set forth in Defendants' summary judgment papers being deemed admitted, or the dismissal of the action without prejudice for failure to prosecute.  (<u>Id</u>.)  To date, Plaintiff has not filed a response.  Further, mail from the Court to Plaintiff at his address of record is being returned as undeliverable.  (Doc. Nos. 36, 38).  It appears Plaintiff has failed to update his address with the Court.

After careful consideration of the record before me, and for the reasons explained below, I recommend Defendants' Motion be granted.

## II.    Plaintiff's Claims

In his Amended Complaint, Plaintiff made allegations of excessive force and deliberate indifference to serious medical needs.  (Doc. No. 13).  Defendants now have filed a Motion for Summary Judgment on the issue of exhaustion.  (Doc. No. 33).

## III.   Summary Judgment Standard

Pursuant to FED. R. CIV. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See <u>Dulany v. Carnahan</u>, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  <u>Webb v. Lawrence County</u>, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (other

---

[1] The Motion was brought by all "County Defendants."  Because Defendants Wright, Gann, Castleberry, Thompson, Blair, Milam already have been dismissed, the Court interprets the Motion as seeking relief on behalf of Defendants Parker, Aston, Navaro, Jenkins, Davis, and Does.

citations omitted)).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit."  Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ."  Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas.  Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED. R. CIV. P. 56(e).

**IV.   Analysis**

Defendants argue that Plaintiff failed to exhaust his claims against them.   (Doc. No. 34).

According to the Prison Litigation Reform Act ("PLRA"),

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001).   In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette

v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

As an initial matter, the Court notes that Plaintiff has not filed a response to Defendants' Motion. He has not controverted any material fact set forth by Defendants in their statement of undisputed material facts. Accordingly, all material facts submitted by Defendants (Doc. No. 35) are deemed admitted. Local Rule 56.1(c); FED. R. CIV. P. 56(e).

At the time of the incidents giving rise to this lawsuit, the Saline County Detention Center had in place a grievance procedure. (Doc. No. 33-1 at ¶ 2; Doc. No. 33-2). Under the policy, detainees were "allowed to file a grievance whenever the detainee believes they have been subjected to abuse, harassment, an abridgment of civil rights, or a denial of privileges specified in the Detainee Handbook." (Doc. No. 33-2 at 1). Grievances were to be made using the kiosk in the cellblock. (Id.). Grievances were to state the time, date, and "names of those detention officers and/or staff members involved and pertinent details of the incident . . . ." (Id.). Each grievance filed was to receive a response. (Id.).

In support of their Motion, Defendants present the Affidavit of Tonya Parker, who is a Sergeant at the Saline County Sheriff's Office and has responsibilities overseeing the grievance policy at the Detention Center. (Doc. No. 33-1 at ¶ 1). According to Ms. Parker, she reviewed Plaintiff's grievance records. (Id. at ¶ 4). According to Ms. Parker, there is no record of Plaintiff filing any grievance relating to the claims in this case. (Id.). Ms. Parker attached Plaintiff's grievances to her Affidavit. (Doc. No. 33-3).

The Court has reviewed the grievances, and none relate to the claims in this case. And Plaintiff has not contested any fact. He did not meet proof with proof to establish facts in dispute that would preclude summary judgment in Defendants' favor. Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor). As such, the Court finds Plaintiff did not exhaust his claims against Defendants. Accordingly, the Court recommends Defendants' Motion for Summary Judgment be granted and Plaintiff's claims against Defendants be dismissed without prejudice.

**V.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment on the issue of exhaustion (Doc. No. 33) be GRANTED.

2. Plaintiff's claims against Defendants be DISMISSED without prejudice for failure to exhaust.

3. Plaintiff's Complaint, as amended (Doc. No. 13) be DISMISSED without prejudice.

4. The Court certify that an <u>in</u> <u>forma</u> <u>pauperis</u> appeal from this Order would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated this 30th day of March, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE